## Charlotte C. Campbell v. Walter H. Wilson.

1. Contracts—*Benefits After Repudiation.*—A party to a contract can not both repudiate and claim the benefit of such contract.

Bill for an Accounting, etc.—Appeal from the Circuit Court of Cook County; the Hon. Oliver H. Horton, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

Thompson, Delamater & Clark, attorneys for appellant.

Wilson, Moore & McIlvaine, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

The appellant filed her bill in equity praying for an accounting with the appellee, and to be permitted to redeem from him certain premises to which he, as a judgment creditor of her deceased son, had acquired title by redeeming the same from a foreclosure sale.

The bill set up that the appellant was the owner of an unassigned dower estate in the premises; that her said son died seized in fee of the premises subject to her said dower; that she had been allowed in the Probate Court and owned a claim for $1,233.33 against the estate of her said son, which had been appealed to and was pending in the Circuit Court of Cook County; that while said appeal was pending a decree of sale was entered against the said premises, under a trust deed executed by her son in his lifetime, and that on October 22, 1894, said decree was executed by a sale of the premises for $17,618.41, and a master's certificate of sale duly issued to the purchaser; that she resided upon the premises and was in possession thereof, and that the value thereof was $35,000.

We believe there is no contention as to the facts so alleged except as to the value of the premises.

Such being the situation, the appellee called upon appel-

lant at her residence some time between the middle of October and the first of November, 1895, and had some negotiations with her as to obtaining title to the premises. He was not then a judgment creditor of her son's estate, although she was, subject to the result of the appeal that had been taken to the Circuit Court from her claim allowed in the Probate Court. Appellee was desirous of obtaining the title to the premises, and was ready to redeem from the foreclosure sale if he should get himself into a position that would give him the right to do so.

Whatever the details or other terms of the agreement that was arrived at between the appellee and the appellant, or her attorney, may have been, it is substantially admitted that appellee offered to pay appellant $3,500 for her deed of the premises and an assignment of her claim or judgment against her son's estate, and that such offer was to be kept open until a dismissal of the appeal from such judgment could be obtained. No written memorandum of the agreement was made, but in expectation that it would be carried out, appellant's attorney pushed the appeal to a hearing and obtained its dismissal on November 27, 1895.

In the meantime, however, appellant became angry at some conduct authorized by the appellee in removing some sale signs which appellant had put upon the premises, and about the middle of November, 1895, repudiated whatever the contract was, and declared she would not carry it out.

It appears from his answer, that appellee was advised by his counsel, before such repudiation took place, that good title to the premises could not be obtained through the arrangement that appellee had with appellant, and advised the purchase of a judgment against the estate of appellant's son, and the exercise of the right of redemption thereunder; and presumably, to accomplish such result, without waiting for the appeal from appellant's allowed claim to be disposed of, appellee purchased a small judgment on or about November 8, 1895, and on November 9th made redemption thereunder from the foreclosure sale.

At the time such redemption was made by the appellee,

Campbell v. Wilson.

somewhat more than two months remained in which successive redemptions by other judgment creditors might have been made, but the theory of the bill is that appellant was kept and remained in ignorance of the redemption that was made by the appellee, and was lulled into believing, until it was too late for her to redeem, that appellee would carry out his offer to her.

We think it plainly appears that at the time appellee purchased the small judgment and made the redemption thereunder, it was his intention to carry out his offer to the appellant, and that if she had not later repudiated all intention on her part to have anything further to do with his offer, he would have done so. When, however, about the middle of November, she declared she would have nothing more to do with him, appellee had a right to take her at her word, but he was not, because thereof, precluded from going on and obtaining title independently of her and for her own benefit, excluding her, in what he had set out to accomplish.

Whether appellant's attorney, Mr. Curtis, thought, and proceeded on the assumption, that he could induce the appellant to reconsider her determination to have nothing further to do with appellee's offer, is immaterial.

We need not go into the circumstances of why it was advisable or necessary for appellee to purchase and make redemption under the small judgment bought by him. If it were an unnecessarily cautious proceeding upon his part, it was not, therefore, a fraudulent act by him. His offer to her was not impaired by his so doing. It deprived her of no right, and it is not pretended that his doing so was the occasion of her repudiation of the offer, or agreement, made by appellee.

The bill itself does not proceed upon the theory that because of what was done by appellee the appellant was deprived of any right or opportunity that she otherwise would have had, but rests mainly upon the theory of a fraud practiced upon her by the appellee, whereby all that was done by appellee was done for her benefit. This the-

ory is not supported by the evidence. One may not both repudiate and claim the benefit of a contract.

If appellant's counsel think we should discuss other questions urged by them we can only say that the withdrawal by them, of the transcript from the files of this court, and retention thereof from the time the cause was submitted until the present, affords us abundant reason for not going more into detail concerning some matters.

We see no ground for the appellant to stand upon, and the decree was right. It will therefore be affirmed.